## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 2109971 ONTARIO INC. D/B/A XCELLA FURNITURE,<br><br>      *Plaintiff,*<br><br>v.<br><br>SAMIRA FURNITURE LTD D/B/A SAMIRA OUTLET, VELVET IMPORT CORP., HOLLYWOOD FURNITURE LTD., WADHA IGBARA, REFAT IJBARA, AND NEDAL IJBARA,<br><br>      *Defendants.* | DOCUMENT FILED ELECTRONICALLY<br><br><br>Civil Action No. 1:21-cv-4092-VSB<br><br>**STIPULATED CONSENT JUDGMENT & PERMANENT INJUNCTION ORDER** |

This Stipulated Consent Judgment and Permanent Injunction ("Consent Judgment") is entered into by and between Plaintiff, 2109971 Ontario Inc. d/b/a Xcella Furniture ("Plaintiff"), and Defendants, Samira Furniture Ltd d/b/a Samira Outlet ("Samira"), Velvet Import Corp. ("Velvet"), Hollywood Furniture Ltd. ("Hollywood"), Wadha Igbara, Refat Ijbara, and Nedal Ijbara (collectively, "Defendants"), subject to approval and entry by the Court.

**WHEREAS**, on May 6, 2021, Plaintiff initiated this action by a complaint (the "Complaint"), and subsequently filed an amended complaint (the "Amended Complaint") against Defendants alleging infringement of United States Design Patent No. D909,088 ("the '088 Patent") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' manufacture, use, offer to sell, sale and/or importation of infringing articles of furniture; for infringement of Plaintiff's copyrights in certain photographs under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*; and civil conspiracy, in violation of the laws of the United States and the statutory and common law of the State of New York;

**WHEREAS,** Defendants wish to conclude this litigation at the initial pleading stage without contesting infringement, validity or enforceability of Plaintiff's patent and copyrights in this proceeding, and have agreed to cease all activities complained of in the Complaint; and

**WHEREAS,** the Parties hereby collectively agree to the entry of this Consent Judgment.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED:**

1.    This is an action for infringement of United States Design Patent No. D909,088 ("the '088 Patent") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' manufacture, use, offer to sell, sale and/or importation of infringing articles of furniture; for infringement of Plaintiff's copyrights in certain photographs under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*; and civil conspiracy, in violation of the laws of the United States and the statutory and common law of the State of New York.

2.    This Court has original jurisdiction over Plaintiff's: (a) federal patent infringement claims pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Action Arising Under Patent Act), because this is an action arising, in part, under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*; and (b) federal copyright infringement claims pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Action Arising Under Copyright Act), because this is an action arising, in part, under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*.

3.    This Court has subject matter jurisdiction over Plaintiff's claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) and principles of supplemental jurisdiction. The state law claims are so related to, and intertwined with, Plaintiff's federal infringement as to be part of the same case or controversy under Article III of the United States Constitution.

4.     Defendants consent to the exercise of personal jurisdiction over them by this Court, and to this Court retaining jurisdiction for the purpose of executing and enforcing this Consent Judgment post entry.

5.     Plaintiff is the owner of all right, title and interest in and to United States Design Patent No. D909,088.

6.     Plaintiff is also the owner of all right, title and interest in and to copyright rights for certain photographs registered under Reg. No. VA 2-249-775 and Reg. No. VA 2-249-783 (the "Copyrighted Photographs").

7.     Defendants make, in connection with and as inducement for the entry of this Consent Judgment, the following admissions, representations and warranties that are material terms of, and form the basis for entry of, this Consent Judgment, and Plaintiff and the Court rely upon these admissions and representations:

a.   Defendants, individually and collectively, represent and warrant that they have no basis for challenging the ownership, validity and enforceability of the '088 Patent or the copyrights in the photographs registered under U.S. Copyright Reg. No. VA 2-249-775 or U.S. Copyright Reg. No. VA 2-249-783, and will not challenge, induce, request or assist, any third party in challenging, the ownership, validity and enforceability of the '088 Patent or the copyrights in the photographs registered under U.S. Copyright Reg. Nos. VA 2-249-775 and VA 2-249-783.

b.   Defendant Wadha Igbara individually represents and warrants that she is the owner of Samira Furniture Ltd ("Samira"), a New York corporation with a principal place of business located at 2344 Grand Concourse, Bronx, New York 10458, and that she is directly responsible for Samira's operations.

c.   Samira, Refat Ijbara and Wadha Igbara, individually and collectively, represent and warrant that Samira purchased, and sold in the United States furniture embodying the designs depicted in U.S. Design Patent No. D909,088 ("Accused Furniture").

d.   Specifically, Samira, Refat Ijbara and Wadha Igbara represent and warrant that Samira purchased Accused Furniture from Velvet ("Samira's Source"), located at 141 Lanza Avenue, Garfield, New Jersey 07026, and that neither Refat Ijbara nor Wadha Igbara have individually purchased any units of Accused Furniture for any entity other than as owners/agents of Samira or Velvet.

e.   Samira represents and warrants that it has not purchased Accused Furniture from anyone other than Samira's Source.

f.   Samira represents and warrants that it has 250 unsold units of Accused Furniture remaining in its inventory, specifically:

| Color | Single Seat number of units | Love Seat number of units | Sofa number of units |
|---|---|---|---|
| Blue (25 sets) | 0 | 25 | 25 |
| Black (25 sets) | 0 | 25 | 25 |
| Green (20 sets) | 0 | 20 | 20 |
| Beige (15 sets) | 0 | 15 | 15 |
| Grey (40 sets) | 0 | 40 | 40 |
| Total | 0 | 125 | 125 |

g.   Defendant Refat Ijbara individually represents and warrants that he is the owner of Velvet Import Corp. ("Velvet"), a New York corporation with a principal place of business located at 141 Lanza Avenue, Garfield, New Jersey 07026, and that he is directly responsible for Velvet's operations.

h. Velvet, Refat Ijbara and Wadha Igbara, individually and collectively, represent and warrant that Velvet purchased and sold in the United States furniture embodying the designs depicted in U.S. Design Patent No. D909,088 ("Accused Furniture").

i. Specifically, Velvet, Refat Ijbara and Wadha Igbara represent and warrant that Velvet purchased Accused Furniture from Hollywood ("Velvet's Source"), located at 141 Lanza Avenue, Garfield, New Jersey 07026, and that neither Refat Ijbara nor Wadha Igbara have individually purchased any units of Accused Furniture for any entity other than as owners/agents of Velvet or Samira.

j. Velvet represents and warrants that it has not purchased Accused Furniture from anyone other than Velvet's Source.

k. Velvet represents and warrants that it has 0 unsold units of Accused Furniture remaining in its inventory.

l. Except as allowed herein with respect to remaining inventory on hand, Samira, Velvet, Refat Ijbara and Wadha Igbara represent and warrant that they will not, for the remaining term of the '088 Patent, make, use, sell, offer for sale, nor will they import into, or export from, the United States, Accused Furniture, from any entity other than Plaintiff and that they have no orders for Accused Furniture pending and will not place any further orders for any Accused Furniture.

m. Samira, Velvet, Refat Ijbara and Wadha Igbara represent and warrant, for the duration of the copyright term for the works registered under U.S. Copyright Reg. Nos. VA 2-249-775 and VA 2-249-783, that they will not copy, reproduce, or create derivative works from or otherwise use in any manner the Copyrighted Photographs owned or created by Plaintiff without Plaintiff's express written permission.

n.  Defendants Refat Ijbara and Wadha Igbara, individually and jointly, represent and warrant that neither of them have purchased Accused Furniture from anyone other than Samira's Source or Velvet's Source.

o.  Defendant Nedal Ijbara represents and warrants that he is the owner of Hollywood Furniture Ltd. ("Hollywood"), a New York corporation with a principal place of business located at 141 Lanza Avenue, Garfield, New Jersey 07026, and that he is directly responsible for Hollywood's operations.

p.  Hollywood and Nedal Ijbara represent and warrant that Hollywood has purchased and sold in the United States furniture embodying the designs depicted in U.S. Design Patent No. D909,088 ("Accused Furniture").

q.  Specifically, Hollywood and Nedal Ijbara represent and warrant that Hollywood purchased Accused Furniture from Chainiti Furniture Co. Limited ("Hollywood's Source"), located at No.6, Dongxiang, Yuanshanzai, Dalingshan Town, Dongguan City, Guangdong, China, and that Nedal Ijbara has not purchased any units of Accused Furniture for any entity other than as owner/agent of Hollywood.

r.  Hollywood and Nedal Ijbara represent and warrant that neither has purchased Accused Furniture from anyone other than Hollywood's Source.

s.  Hollywood represents and warrants that it has 0 unsold units of Accused Furniture remaining in its inventory.

t.  Hollywood and Nedal Ijbara represent and warrant that they will not, for the remaining term of the '088 Patent, make, use, sell, offer for sale, nor will they import into, or export from, the United States, Accused Furniture, from any entity

other than Plaintiff and that they have no orders for such Accused Furniture pending and will not place any further orders for any Accused Furniture

u.  Hollywood and Nedal Ijbara further represent and warrant, for the duration of the copyright term for the works registered under U.S. Copyright Reg. Nos. VA 2-249-775 and VA 2-249-783, that they will not copy, reproduce, or create derivative works from or otherwise use in any manner the Copyrighted Photographs owned or created by Plaintiff without Plaintiff's express written permission.

v.  Plaintiff has agreed that Defendants may sell off their remaining inventory of Accused Furniture identified above, and Defendants represent and warrant that all remaining inventory of Accused Furniture identified above will be sold only at Samira's retail store located at 2314 Grand Concourse, Bronx, New York 10458, and at no other location or to any wholesale, retail, or other distribution channel. The permitted sales may only be promoted by in-store flyers, and may not be promoted on the Internet or through any social media channels (including but not limited to Instagram, Facebook, or Facebook Marketplace). The permitted sales are only permitted for a period of six months from the date of entry of this Consent Judgment (the "Sell Off Period"), and if there is any remaining inventory after the Sell Off Period ends, Defendants shall, at their expense, ship all unsold inventory to a U.S. location specified by Plaintiff, and for all sales made during the Sell Off Period, Defendants shall provide proof of the sales made during the Sell Off Period in the form of invoice copies showing the model, color, selling price, and to whom sold.

w. Defendants admit that, to the extent Samira, Velvet and/or Hollywood represent and warrant that, prior to executing this Consent Judgment, each of them who had imported Accused Furniture into the United States, exported Accused Furniture from the United States, or made Non-Retail Customer sales of Accused Furniture to any entity, they have provided, as applicable, complete, true and correct, copies of all invoices, statements, bills of lading, packing lists, arrival notices and/or shipping lists, certificates of conformity, certificates of origin, dock/warehouse receipts, and inspection certificates involving transfers of the Accused Furniture to or from a Defendant, including those that identify the Non-Retail Customers of such Accused Furniture.

x. Defendants, individually and collectively, represent and warrant that they will not use any of Plaintiff's photographs to promote and sell furniture that was not manufactured by or for Plaintiff.

y. Defendants, individually and collectively, represent and warrant that they will not provide unauthorized copies of any of Plaintiff's photographs to any other Defendant or third party to allow them to promote, or to facilitate promotion of, furniture that was not manufactured by or for Plaintiff.

z. Defendants, individually and collectively, represent and warrant that they will not collude with each other, or any third party, to violate the patent, copyright or trademark rights of Plaintiff, nor will they make any false or disparaging statements about Plaintiff, its owners, management or products in any medium including in print or on-line.

aa. Defendants, individually and collectively, represent and warrant that (1) they have received and reviewed copies of drawings of other designs of Plaintiff, which are or may be the subject of pending U.S. design patent applications filed by Plaintiff, (2) the representations and warranties of subparagraph 7(z) above shall apply to each such design without regard to the grant of any U.S. design patent on such other designs, (3) they will maintain the copies in confidence and will not disclose or provide the drawings to any third party, and (4) they will not attempt to challenge or influence the issuance thereof as patent(s) prior to issuance, or after issuance, for the life thereof or induce or assist any entity in doing so.

bb. Defendants, individually and collectively, represent and warrant that the factual admissions and representations made by them herein are true and that they will not affirmatively, or by implication, retract or make any assertions to any entity that are contrary to, their admissions, representations and warranties contained herein, or state or imply that any admission, representation and warranty contained herein that was made by any other Defendant has been retracted or is untrue.

8.      Defendants have agreed to pay Plaintiff the amount of One Hundred Forty-Seven Thousand U.S. Dollars ($147,000), where Forty-Four Thousand U.S. Dollars ($44,000) has been paid to Plaintiff prior to the date of this Consent Judgment, and the balance of One Hundred Three Thousand U.S. Dollars ($103,000) is payable by wire transfer to an account to be provided by Plaintiff, concurrent with Defendants' delivery of their fully executed copy of this Consent Judgment to Plaintiff's counsel.

9.      The parties agree and the Court finds that Plaintiff has been irreparably harmed by, and has no adequate remedy at law for, Defendants' infringements and Plaintiff is entitled to a

permanent injunction. The balance of hardships regarding an injunction weighs in Plaintiff's favor and the public interest does not preclude entry of a permanent injunction in this case.

10.     Effective immediately as of the date this Consent Judgment is entered by the Court, Defendants and any and all of their agents, representatives, subsidiaries, directors, principals, officers, successors, assigns, and all others acting in concert or participation with them, are hereby permanently enjoined and restrained from engaging in any of the following activities:

a.  Making, using, selling, offering for sale, importing or exporting the Accused Products or any product that infringes United States Design Patent No. D909,088, except as provided in subsection 7(v) above;

b.  Infringing Plaintiff's copyright rights in the works registered under U.S. Copyright Reg. Nos. VA 2-249-775 and VA 2-249-783;

c.  Making, using, selling, offering for sale, importing or exporting any product that infringes a United States Design Patent owned by Plaintiff, including such Design Patents which may include drawings as provided pursuant to subsection 7(aa) above;

d.  Engaging in any course of conduct involving any false statement or publication that is designed, or likely, to injure Plaintiff's business reputation, or disparage Plaintiff, its owners, officers, directors or Plaintiff's products;

e.  Engaging in any other activity, including without limitation, forming of any entity, acting through or directing any entity, or using any other device, which would have the effect, of circumventing, evading, avoiding or otherwise violating the prohibitions of subsections 10(a) through 10(d) hereof.

11.     The permanent injunction set forth herein shall remain in full force and effect unless and until modified by a subsequent order of this Court.

12.     In the event that the Court subsequently finds any Defendant's representations contained in this Consent Judgment to be materially false, or that any Defendant has otherwise violated any provision of this Consent Judgment, the parties agree that Plaintiff shall automatically be entitled to:

    a.  a conclusive, non-appealable, finding that such Defendant's infringements were all knowing and willful as to all of such Defendant's sales both prior to, and following, entry of this Consent Judgment;

    b.  retain Defendants' payment pursuant to paragraph 8 herein as specifically forfeited, by virtue of such Defendant's fraudulent misrepresentation(s) or violation of this Consent Judgment, which payment shall not be set off, in whole or part, against any further award against such Defendant(s) with respect to any unaccounted for infringement(s) prior to entry of this Consent Judgment or for any subsequent infringement or other violation of this Consent Judgment;

    c.  pursue all claims for relief against such Defendant(s), individually and jointly, including but not limited to sanctions for contempt of a Court order, punitive damages for fraud, and all remedies provided by the Patent Act and Copyright Act, or otherwise available under any other law;

    d.  recover an amount representing three (3) times Plaintiff's damage for any unaccounted for infringement occurring prior to entry of this Consent Judgment, based on subsection (a) of this paragraph 12;

    e.  recover an amount representing three (3) times Plaintiffs' damage arising from such Defendant's willful infringements occurring after entry of this Consent Judgment, as well as sanctions for violation of this Consent Judgment;

    f.  recover Plaintiff's costs, attorneys' fees, investigatory fees and expenses that were both: i) incurred by Plaintiff in uncovering any such materially false representations contained in this Consent Judgment, and ii) incurred in any subsequent action(s) relating to enforcement of this Consent Judgment or for violation of this Consent Judgment; and

    g.  an award of such other and/or further relief as the Court deems just and proper.

13.    Plaintiff and Defendants agree that they shall bear their own current costs and attorneys' fees.

14.    This Consent Judgment constitutes a final judgment pursuant to Fed. R. Civ. P. 58 concerning the subject matter of this action as between Plaintiff and Defendants.

15.    Defendants waive any right to appeal from entry of this Consent Judgment.

16.    Defendants acknowledge that their decision to consent to the entry of this Consent Judgment is made with the benefit of consultation with counsel with respect to the contents herein and was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf, other than those set forth herein, and Defendants waive any ability to assert, now or in the future, reliance upon any promises, representations or statements not embodied herein.

17.    This Consent Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

18.    Upon entry of this Consent Judgment, this case is closed; provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment and the permanent injunction stipulated to herein.

19.    By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Consent Judgment.

*So ordered.*

*Denise Cote*

*4/8/22*

**ACKNOWLEDGED & AGREED TO:**

**For Plaintiff**

**2109971 ONTARIO INC. d/b/a XCELLA FURNITURE**

By: _____     Date: 5th April, 2022
Printed Name: Sukhpinder Chandhok
Title: President

**For Defendants**

**SAMIRA FURNITURE LTD**

By: _Wadha Igbara_____     Date: 4/4/22, 2022
Printed Name: Wadha Igbara

Title: _____

**VELVET IMPORT CORP.**

By: _____     Date: 4/4/22, 2022
Printed Name: Refat Ijbara

Title: _____

**HOLLYWOOD FURNITURE LTD.**

By: _____     Date: 4/4/22, 2022

Page **13** of **14**

Printed Name: Nedal Ijbara

Title: _____

_____
**REFAT IJBARA**

Date: 4/4/22 , 2022

_____
**WADHA IGBARA**

Date: 4/4/22 , 2022

_____
**NEDAL IJBARA**

Date: 4/4/22 , 2022

**SO ORDERED this the ___ day of _____, 2022.**

_____
**Hon. Denise L. Cote**
**United States District Judge**

Page 14 of 14